# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| PAUL GOODEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-05012-CV-SW-LMC |
| ) | |
| ANDREW M. SAUL, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. #20.) Counsel seeks attorney fees in the amount of $7,045.63 for work performed before this Court. The Commissioner does not object to Plaintiff's fee request but points out that this Court must make an independent determination of the reasonableness of the fee request pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002). (Doc. #24.)

## I.  PROCEDURAL BACKGROUND

On January 30, 2018, the Honorable John T. Maughmer[1] issued an Order finding that the Commissioner's final decision denying Plaintiff Paul Gooden's Social Security disability claim was not supported by substantial evidence on the record as a whole, and reversing and remanding the case for further proceedings. (Doc. #14.) Thereafter, the Court awarded counsel fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,911.56. (Doc. #19.) The pending

---

[1] On January 5, 2021, this matter was transferred to the undersigned for all further proceedings. (Doc. #22.)

motion for attorney fees indicates that following this Court's remand order, the ALJ issued a fully favorable decision. Plaintiff was found to be entitled to receive retroactive benefits of $28,182.50. (Doc. ##20-1 at 2; 20-4 at 2.) An amount equal to twenty-five percent of the back benefits, or $7,045.63, was withheld by the Social Security Administration for the payment of attorney fees. (Doc. #20-4 at 2.) Counsel has not received an award of fees from the Social Security Administration for work performed before the administrative agency. (Doc. #20-1 at 3.) Plaintiff's counsel acknowledges that should the Court grant her pending motion for fees in the amount of $7,045.63, she would be required to refund to Plaintiff the attorney fees previously awarded under the EAJA in the amount of $4,911.56. (Doc. #20-1 at 13.)

## II. ATTORNEY'S FEES PURSUANT TO 42 U.S.C.§ 406(b)

The statute governing the award of court-approved attorney's fees in social security cases states in relevant part that:

> (b) Fees for representation before court
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A). The twenty-five percent statutory maximum is not an automatic entitlement. The court must ensure that the fee requested is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828 (2002). In *Gisbrecht*, the Court observed that the statute "calls for court review of such arrangements [contingent fee] as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Courts may appropriately reduce an attorney's recovery based on the character of the representation or if the benefits are large in

comparison to the amount of time counsel spent on the case.  *Id*. at 808.  This Court recognizes "that a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high."  *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) (awarding counsel $10,288.50 for 29.4 hours of work pursuant to section 406(b).)

Plaintiff and her counsel entered into a contingency fee contract, wherein counsel would receive 25% percent of back benefits recovered.  (Doc. #20-5.)  The Court recognizes that Plaintiff's counsel is an experienced attorney who specializes in social security disability cases and who has worked on this case for an extended period of time.  Counsel submitted time records indicating 25.35 hours of attorney time spent by counsel or her associates on this matter, including briefing on two issues for review.  (Doc. ##8, 20-6.)  There were no delays attributable to counsel.  Counsel obtained an outstanding result for Plaintiff, obtaining back pay for Plaintiff.

In the circumstances of this case, the Court finds that an award of $7,045.63 for attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A) is reasonable within the meaning of the statute and case law.  For the reasons discussed herein, it is

ORDERED that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #20) is granted and pursuant to 42 U.S.C. § 406(b)(1)(A), attorney fees of $7,045.63 are awarded to Plaintiff's counsel from the fund being held by the Social Security Administration.  It is further

ORDERED that counsel for Plaintiff is directed to refund to plaintiff $4,911.56 which represents attorney fees previously paid to counsel under the EAJA.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE
